UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COSME DIAZ CAICEDO,

v.  Case No. 8:03-cr-0001-T-17MAP
  8:04-cv-2569-T-17MAP

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant Caicedo's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-321). The Government filed a response to the motion on February 9, 2005. Defendant did not file a reply to the response, although he was informed that he had 25 days after the Government filed the response to do so. Nothing in the file indicates that he did not receive a copy of the response or that he filed a change of address notice.

## PROCEDURAL HISTORY

On April 25, 2003, Caicedo pled guilty to Count One of an Indictment. Count One charged Caicedo, while onboard a vessel subject to the jurisdiction of the United States, with conspiracy to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 46 Appendix, United States Code, Sections 1903(g) and 1903(j) and Title 18, United States Code, Section 2. (Doc. cr-153). (Plea Agreement). The Court accepted Caicedo's guilty plea and adjudicated him guilty on May

14, 2003. (Doc. cr-183).

Pursuant to the plea agreement, Caicedo expressly waived his right to appeal his sentence:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Doc. cr-153 at 12).

In preparation for sentencing, a Presentence Investigation Report (PSI) was prepared. The PSI calculated Caicedo's offense level to be 35 and his criminal history category to be 1, yielding a guideline imprisonment range of 168 - 210. (PSI ¶ 51).

On November 13, 2003, Caicedo was sentenced to 135 months imprisonment, five years' supervised release, and was ordered to pay a special assessment of $100. (Doc. cr-273) (Judgment). Caicedo did not appeal his conviction.

On November 26, 2004, Caicedo filed a motion to vacate under 28 U.S.C. § 2255. (Doc. cv-1). This Court ordered the Government to respond to Caicedo's section 2255 motion by December 28, 2004. (Doc. cv-3). On December 14, 2004, the Government filed a motion requesting an extension of time in which to respond to Caicedo's section 2255 motion. (Doc. cv-4). This Court granted the Government's request on December 15, 2004.

(Doc. cv-5).

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Caicedo's motion to vacate must be **DENIED**.

In Ground One, Caicedo claims that his counsel was ineffective during Caicedo's sentencing. In Ground Two, Caicedo claims that this Court erred in sentencing Caicedo under the federal sentencing guidelines and cites Blakely v. Washington, 124 S.Ct. 2531 (2004) as his argument. In Ground Three, Caicedo claims this Court erred in not applying a "mitigating role" cap on the maximum offense level at the time of sentencing.

Caicedo has waived the right to appeal his sentence, directly or collaterally, on the grounds he raises in this petition. In his plea agreement, Caicedo waived his right to appeal his sentence except to the extent that the sentence imposed included an upward departure from the sentencing guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing guidelines. Accordingly, this Court will not consider Caicedo's allegations that his attorney was ineffective or that this Court erred while sentencing Caicedo.

The right to appeal is statutory and can be waived knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993); see also, United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). For an appellate waiver to be enforced, the Government must demonstrate either that this Court specifically questioned the Defendant (Choi) concerning the sentence appeal waiver during the Fed. R. Crim. P. Rule 11 colloquy or that it is manifestly clear from the record that the Defendant otherwise understood the full significance of the waiver. Bushert, 997 F.2d at 1351. A Defendant's

waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 motion to vacate proceeding. See United States v. Cockerham, 2327 F.3d 1179, 1182 (10th Cir. 2001) (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver), cert. denied, 122 St. Ct. 821 (2002); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (same), cert. denied, 531 U.S. 1175 (2001); see also, Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999); United States v. Pruitt, 32 F.3d 431 433 (9th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); cf. Latorre v. United States, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999). The waiver is enforceable against claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the waiver itself. Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); Cockerham, 237 F.3d at 1187; DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000); Mason, 211 F.3d at 1069; United States v. Djelevic, 161 F.3d 104-107 (2d Cir. 1998); but see United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994) (finding that review of complete denial of counsel at sentencing not precluded by general sentence appeal waiver); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically foreclose him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver").

In particular, if the complaint underlying the ineffective assistance claims were waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. See Djelevic, 161 F.3d at 107 (although "dressed[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines

and therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render meaningless" such plea agreement waivers); accord Davila, 258 F.3d at 451-42; Mason, 211 F.3d at 1068.

Because Caicedo's claims raised in Grounds One through Three are not based on any of the exceptions identified in his plea agreement, Caicedo's section 2255 motion has no merit. On April 25, 2003, the Honorable United States Magistrate Judge Mark A. Pizzo reviewed with Caicedo his waiver of his right to appeal the sentence and asked whether Caicedo understood the consequences of that waiver. Caicedo responded that he did:

> THE COURT: Very well. There is a section in your plea agreement that I'd like to explain to you. It's at page 12, paragraph five. It is entitled appeal of sentence waiver.
>
> First, let me explain to you what an appeal is. You have a right to ask a higher court, an appellate court to review any sentence given in this case by this court. And in your case, that appellate court would be the 11th Circuit Court of Appeals in Atlanta, Georgia. Now, the important point to note about your plea agreement is that you are limiting your right to take an appeal.
>
> Let me explain to you what your rights are without your plea agreement. You would have the right to appeal your sentence if the judge here imposed a sentence in violation of the law or incorrectly applied the Sentencing Guidelines, or gave you a sentence greater than that permitted by the applicable guideline range.
>
> Your plea agreement changes this. As I said, you are limiting your rights to take an appeal. You can only now appeal if the Government appeals first, or if the sentence you are given is more than that permitted by the charging statute.
>
> And as I explained to you a moment ago, the penalties in this case are severe potentially. And so it would be impossible practically for the judge to give you a sentence more severe than the charging statute allows, or the judge departs upward from the guideline range the judge finds to apply in this case, or there is some violation of the law separate and apart from the application of the Sentencing Guidelines.
>
> Again, as I said, the important point to note is that you are limiting your right

5

>     to take an appeal. Do you understand this?
>
>     DEFENDANT: Yes, sir.

(Doc. cr-324 at 14 -15) (Change of Plea Transcript).

For this Court to entertain the issues that Caicedo now raises in this collateral proceeding would be to permit Caicedo an appeal in contravention of the plain meaning of his plea agreement and to deny the Government the benefit for which it bargained. See Buchanan, 131 F.3d at 1008; see also, United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions; "he cannot have his cake and eat it too"); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (rejecting interpretation of plea agreement that would contravene its plain meaning and would make sentence appeal waiver meaningless).

Accordingly, dismissal or summary affirmance at the earliest stage in the process at which it is feasible is warranted. See Buchanan, 131 F.3d at 1008 ("where it is clear from the plea agreement and the Rule 11 colloquy . . . that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the Government to brief the merits of the appeal"); see also Benitez-Zapata, 131 F.3d at 1446; Wenger, 58 F.3d at 280 (appeal dismissed based on sentence appeal waiver); United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992) (same); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) (same); United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (same).

Furthermore, Grounds Two and Three are procedurally barred, and do not warrant relief on the merits.

## Ground Two

Caicedo claims that this Court erred in sentencing him under the federal sentencing guidelines and cites Blakely as his argument. At Ground Three, Caicedo claims that this Court erred in not applying a "mitigating role" cap on the maximum offense level at the time of sentencing. These claims were previously available and Caicedo failed to raise these issues on appeal. Therefore, he is now barred from doing so.

Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 122 S.Ct. 2362 (2003). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error to excuse both defaults. McCoy, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, Caicedo must show "some external impediment preventing counsel from constructing or raising the claim." See High v. Head, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To establish prejudice, Caicedo must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." See Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. See Frady, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. Bousley, 523 U.S. at 623; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Caicedo cannot meet this burden. The probation officer determined that Caicedo

was not entitled to such a departure because the information Probation obtained revealed that defendant acted as the navigator of the Sandrina. The defendants participated equally in the offense. The manner in which the probation officer calculated Caicedo's guideline imprisonment range was information that was available to him before his sentencing proceeding, and Caicedo has not alleged any reason to excuse his failure to raise this claim on direct appeal.

The sentencing transcript reflects that prior to sentencing Caicedo's counsel filed objections with the probation officer regarding Caicedo's role in the offense. However, at sentencing, counsel withdrew these objections as follows:

> MR. HAUSER: The - - his position as a navigator and the aggravation of the Probation Office - - or the two levels of aggravation because of his navigation roles.
>
> . . .
>
> THE COURT: And you withdraw those; correct?
>
> MS. DANIELS: I do, Your Honor. And if the Court will indulge me for a moment, I do apologize for getting the objections to counsel in so late. But there were some difficulties, and I spoke with your courtroom deputy a couple times, who actually helped with trying to remedy the problem.
>
> . . .
>
> I apparently misunderstood Mr. Caicedo's position. Because today in speaking with him he represented to me that he was and - - he was a navigator and that Marisol's (phonetic) representations were accurate. And so for that reason, and in addition to the fact that he definitely wants to assist anytime he can - - that he - - my objections are inaccurate and so I have withdrawn those objections, Judge.

(Doc. cr- 323 at 5-8) (Sentencing Transcript).

Contrary to Caicedo's claim, this Court was correct in not applying a "mitigating role" cap on the maximum offense level at the time of sentencing. Furthermore, the record reflects that at sentencing the Government requested a two-level departure from the

sentencing guidelines based on Caicedo's cooperation with law enforcement, lowering his total offense level from 35 to 33. PSR ¶ 51; (Doc. cr-323 at 12-13). This Court sentenced Caicedo accurately and, therefore, Caicedo is entitled to no relief as to Ground Two.

### Ground Three

Caicedo claims that this Court erred in sentencing him under the federal sentencing guidelines and cites Blakely as his argument. Caicedo claims that this Court should have sentenced him to a much lower sentence. However, Caicedo does not provide further information as to what type of sentence he believes he should have received nor has he provided the reasoning behind his allegation. A review of the record reveals that Caicedo received a sentence at the low end of the sentencing guidelines based on a criminal category of 33 and an offense conduct of 1. PSR ¶ 51; (Doc. cr-323) (sentencing transcript).

Relying on Blakely v. Washington, 124 S. Ct. 2531, 2537-41 (2004), Caicedo contends that this Court erred in sentencing him under the federal sentencing guidelines. Caicedo claims that he should be re-sentenced. (Doc. cv-1 at 4). Caicedo is not entitled to consideration of this claim because the Blakely rule is not retroactively applicable on collateral review. Neither United States v. Booker, 125 S.Ct. 738 (2005) nor Blakely v. Washington, 542 U.S. 296 (2004) are retroactive on collateral attack.  See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Moreover, even if Blakely were retroactively applicable, Caicedo waived his Blakely claim at the time he signed his plea agreement.  Based on his motion to vacate and the record now before this Court, Caicedo has not established any entitlement to relief based on this claim.

Ground One

Caicedo claims his counsel rendered ineffective assistance by not making specific arguments at sentencing. Caicedo's allegation stems from his dissatisfaction with the sentence imposed by this Court. As discussed above, this claim is barred due to the waiver contained in Caicedo's plea agreement. Even absent this waiver, however, his claim is without merit.

To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the

10

counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied, 531 U.S. 1204 (2001).  Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314  (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90).  Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed

that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For Caicedo to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

Ineffective Assistance of Counsel at Sentencing

Although Caicedo claims that his attorney was ineffective at sentencing, Caicedo does not provide specific instances of her alleged deficiencies. A thorough review of the record reveals that Caicedo pled guilty on April 25, 2003. before Magistrate Judge Pizzo. During the change of plea colloquy, Judge Pizzo asked Caicedo if he were satisfied with his representation. Caicedo responded that he was. (Doc. cr-324 at 17).

Subsequent to the change of plea hearing, in preparation for sentencing, a Presentence Investigation Report (PSI) was prepared. Copies of the PSI were provided to both the Government and Caicedo's counsel. A review of the sentencing transcript reveals that Caicedo had an opportunity to review the PSI with his attorney prior to sentencing. (Doc. cr-323 at 3). The PSI calculated Caicedo's offense level to be 35 and his criminal history category to be 1, yielding a guideline imprisonment range of 168 -210.

months. The record indicates that Caicedo's counsel was a zealous advocate who presented sentencing issues on her client's behalf. Additionally, as a result of her plea negotiations, Caicedo was granted a 5K1.1 motion resulting in a two-level guidelines reduction during the sentencing hearing. This resulted in a final offense level of 33, yielding a guideline imprisonment range of 135 -168 months.

The record in this case does not support a finding of either deficient performance or prejudice. Contrary to Caicedo's assertions, the sentencing transcript does not establish that Caicedo's counsel did not perform in a professional manner. Based on his motion to vacate and the record now before this Court, Caicedo has not established any entitlement to relief based on ineffective assistance of counsel.

Finally, in Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered an appeal waiver containing the same language as that contained in Caicedo's plea agreement. Having considered the language in Williams' waiver, the Eleventh Circuit held that a valid sentence appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1341-1342.

In his section 2255 motion, Defendant does not allege that his plea was not knowingly and voluntarily entered. Therefore, his claim in Ground One also fails under the holding in Williams.

Accordingly, the Court orders:

That Defendant's motion to vacate (Doc. cv-1; cr-321) is denied, with prejudice. The Clerk is directed to enter judgment against Defendant Caicedo in the civil case and to close

that case.

    ORDERED in Tampa, Florida, on November 3, 2005.

*[signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

```
AUSA:
Anthony Porcelli
Pro se:  Cosme Diaz-Caicedo
```